863 F.2d 47
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone CUNNINGHAM, Plaintiff-Appellant,
v.
Dewey SOWDERS, Warden, NPTR, George W. Noe, Doctor, NPTR, Al
C. Parke, Commissioner, George Wilson, Secretary,
Defendants-Appellees.
 No. 88-5501.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1988.
 
 Before ENGEL, Chief Judge, WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky prisoner, Tyrone Cunningham, appeals the judgment of the district court dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Cunningham argues that the medical care he received while an inmate at the Northpoint Training Center amounted to a deprivation of a right secured under the Constitution. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 At the close of Cunningham's case, the district court directed a verdict in favor of the defendants.
 
 
 3
 Upon review, we affirm the judgment of the district court. For a person to state a claim under 42 U.S.C. Sec. 1983, it must be demonstrated that the plaintiff was deprived of a right secured under the Constitution and laws of the United States and that the deprivation occurred under the color of state law. Adickes v. S.H. Kress, 398 U.S. 144 (1970). Further, for medical care or the lack of medical care to rise to the level of a constitutional violation, it must be demonstrated that there was a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 4
 Cunningham failed to prove that there was a deliberate indifference to a serious medical need. The record clearly reveals an extensive history of competent treatment of Cunningham's injury.
 
 
 5
 Accordingly, we hereby affirm the judgment of the district court Rule 9(b)(5), Rules of the Sixth Circuit.